## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**IN RE:**

| | |
|---|---|
| 2024 Ford Transit 350 Van,<br>VIN 1FDAX2C87RKA50940,<br>and all sets of keys and operating<br>Manuals used to operate the vehicle. | Case No. 2:25-mc-51232<br>HON: Brandy R. McMillion |

**Claimants/Interested parties:**

Tri-State Guardian Services, Inc.,
Lonnie Griffin, Kijuana Evans,
Key to Life Transport, LLC, and
LG Solutions Unlimited, LLC

| | |
|---|---|
| Hall Makled, P.C.<br>Cyril C Hall P29121<br>*Attorney for Claimants/*Interested<br>Parties Tri-State Guardian<br>Services, Inc., Lonnie Griffin,<br>Kijuana Evans, Key to Life<br>Transport, LLC, and LG Solutions<br>Unlimited, LLC<br>23950 Princeton Street<br>Dearborn, Michigan 48124<br>(313) 788-8888<br>chall@hallmakled.com | U.S. Attorney's Office<br>Cassandra M. Resposo<br>(IL 6302830)<br>Assistant U.S. Attorney<br>211 W. Fort St, Suite 2001<br>(313)226-9736<br>Detroit, MI 48225<br>Cassandra.Resposo@usdoj.gov |

## MOTION TO SET ASIDE THE EX-PARTE ORDERS EXTENDING TIME TO FILE COMPLAINT FOR FORFEITURE

**Statement on Concurrence**

On January 7, 2026, there was a telephone conference between co-counsel for the interested parties, and counsel for the Government. Counsel for the Government did not concur with the relief sought in this motion. (E.D. Mich., L.R. 7.1(a), (2)).

**NOW COMES** Interested Parties, Tri-State Guardian Services, Inc., Lonnie Griffin, Kijuana Evans, Key to Life Transport, and LG Solutions Unlimited  by and through their undersigned Counsel and pursuant to Fed. R. Civ. P. 60(b)(3), and the Court's inherent authority to vacate the October 2, 2025,  December 29, 2025, and March 9, 2026 Ex Parte Orders extending the Government's time to file a judicial forfeiture complaint.

This motion is made within one-year of the Orders extending the time to file a complaint for forfeiture.

**WHEREFORE**, all Interested Parties respectfully request that this Honorable Court grant their motion, void the ex parte orders and return the 2024 Ford Transit Van or, in the alternative order the Government to file a complaint for forfeiture forthwith.

Respectfully submitted,

HALL MAKLED, P.C.
/s/Cyril C. Hall
Cyril C Hall P29121
Attorneys for Plaintiff

2

23950 Princeton Street
Dearborn, Michigan 48124
(313) 788-8888

Date: March 11, 2026

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:
2024 Ford Transit 350 Van,                    Case No. 2:25-mc-51232
VIN 1FDAX2C87RKA50940,                  HON: Brandy R. McMillion
and all sets of keys and operating
Manuals used to operate the vehicle.

_____/

Hall Makled, P.C. U.S.                    Attorney's Office
Cyril C Hall P29121                       Cassandra M. Resposo
*Attorney for* Interested Parties,        (IL 6302830)
Tri-State Guardian Services, Inc.,        Assistant U.S. Attorney
Lonnie Griffin, Kijuana Evans,            211 W. Fort St, Suite 2001
Key to Life Transport, and               Detroit, MI 48225
LG Solutions Unlimited                    (313)226-9736
23950 Princeton Street                    Cassandra.Resposo@usdoj.gov
Dearborn, Michigan 48124
(313) 788-8888
chall@hallmakled.com

Law Offices of Diana L. McClain
& Associates, P.C.
By: Diana L. McClain P54781
*Co-Counsel for* Interested Parties,
Tri-State Guardian Services, Inc.,
Lonnie Griffin, Kijuana Evans,
Key to Life Transport, and
LG Solutions Unlimited
7071 Orchard Lake Rd., Ste. 210
West Bloomfield, Michigan 48322
(248) 539-3714
dlmcclain@aol.com

_____/

## BRIEF IN SUPPORT OF MOTION TO SET ASIDE THE
## EX-PARTE ORDERS EXTENDING TIME TO
## FILE COMPLAINT FOR FORFEITURE

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii-iv

QUESTION PRESENTED ............................................................... v

STATEMENT OF FACTS ....................................................... 1-2

LEGAL STANDARD ..................................................................... 3

ARGUMENT ...................................................................... 3-16

CONCLUSION ........................................................................ 17

CERTIFICATE OF SERVICE ................................................. 17

# TABLE OF AUTHORITIES

<u>Supreme Court Cases</u>                                                    **Page**

*Barker v. Wingo,* 407 U.S. 514 (1972) ........................................................ 11

*Culley v. Marshall,* 601 U.S. 377 (2024) .................................................... 12

*Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) ............................................ 3

*Mathews v. Eldridge*, 424 U.S. 319 (1976) ................................................. 17

*Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306 (1950) ..... 11

*United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency*, 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983) ................................................................................................... 7,8

*United States v. Von Neumann*, 474 U.S. 242, 88 L.Ed.2d 587, 106 S.Ct. 610 (1986) ....................................................................................................... 8

<u>Circuit/District Court Cases</u>

*Bush v. Banks,* 1999 U.S. App. LEXIS 8751 (6th Cir.1999) ..................... 16

*Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 456 (6th Cir. 2008) .............................................................................................................. 3

*Lonnie Griffin v. Federal Bureau of Investigation*, Case No. 2:25-cv-11267 (U.S. Dist. Ct., E.D. Mich.) ......................................................................... 7

*United States v. Contents of Accounts*, 629 F.3d 601 (6th Cir.2011) ........... 5

*United States v. Funds from Fifth Third Bank Account*, No. 0065006696, 2013 U.S. Dist. LEXIS 157447 (E.D. Mich. 2013) .................................... 9

*United States v. 31,000.00 in United States Currency*, 872 F.3d 342 (6th Cir.2017) ......................................................................................................... 5

*United States v. Ninety-Three Firearms*, 330 F.3d 414 (6th Cir. 2003).......9

<u>Statutes/Rules</u>

Rule 60(b)(3), Federal Rules of Civil Procedure.................................passim

Civil Asset Forfeiture Reform Act (CAFRA) of 2000, Pub. L. No. 106-185, 114 Stat. 202, 18 U.S.C. § 983 (2000)..........................................................5

18 U.S.C. § 983...................................................................................passim

28 C.F.R. Part 8 .........................................................................................6-7

## QUESTION PRESENTED

**WHETHER THE EX PARTE ORDERS FOR EXTENSION OF TIME TO FILE A COMPLAINT FOR FORFEITURE SHOULD BE SET ASIDE BECAUSE THE ATTORNEY FOR THE GOVERNMENT MISREPRESTED A MATERIAL FACT?**

## STATEMENT OF FACTS

On April 22, 2025, the Federal Bureau of Investigation (hereafter, FBI), executed search warrants authorizing the seizure of records and property relating to Tristate Guardian Services, Key to Life Transport, LG Solutions Unlimited, and a 2024 Ford Transit Van. (Exhibit 1 – Search Warrant, Attachment I2 ¶¶ 4–9.)

Ms. Evans purchased the Van. Key to Life Transport operated the Van pursuant to a Memorandum of Understanding with Tristate. Ms. Evans filed a request with the FBI for the return of the Van on hardship grounds.

On June 13, 2025, the FBI issued Notices of Seizure and Intent to Forfeit the Van via administrative forfeiture proceedings. The Notices of Seizure and Intent to Forfeit the Van was sent to Ms. Evans, and one DeOndra D. Gray, who drove the Van on behalf of Key to Life Transport.

Subsequently, Lonnie Griffin and his related entities filed a federal complaint asserting ownership and possessory interests in the seized van and other seized property. See *Lonnie Griffin v. Federal Bureau of Investigation*, Case No. 2:25-cv-11267 (U.S. Dist. Ct., E.D. Mich.). The Government moved to dismiss the complaint. (ECF No. 20 — 2:25-cv-11267).  Plaintiff Griffin opposed the dismissal. (ECF No. 21— 2:25-cv-11267). The motion to dismiss was reviewed by the Magistrate Judge, who issued a Report and

Recommendation that the motion to dismiss be granted. (ECF No. 34 — 2:25-cv-11267).  Plaintiff Griffin filed objections to the Report, and the matter is currently awaiting a decision from the District Court Judge.

On October 1, 2025, the Government filed a Consolidated Ex Parte Motion and Brief to Extend the Time to File a Complaint for Forfeiture against the 2024 Ford Transit Van. (ECF No. 1). The Ex Parte motion sought an extension up to and including January 11, 2026. The Ex Parte motion was signed by this Court on October 2, 2025. (ECF No. 2). On December 29, 2025, the Government filed a second Ex Parte Motion to Extend the Time to File a Complaint for Forfeiture against the 2024 Ford Transit Van. (ECF No. 3). The second Ex Parte motion sought an extension up to and including April 11, 2026. The order extending the time to file a complaint for forfeiture was signed by this Court on the same day. (ECF No. 4).

On March 9, 2026, the Government file a *third* Ex Parte Motion to Extend the Time to File a Complaint for Forfeiture. (ECF No. 6). The third motion to extend the time to file a complaint sought to extend the time to July 10, 2026. (ECF No. 6, pages 3 and 7). To which this Court issued an Order granting the extension to July 10, 2026. (ECF No. 7).

## LEGAL STANDARD

Rule 60(b) permits a court, "[o]n motion and just terms," to "relieve a party … from a final judgement, order, or proceeding." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). A court may do so for six enumerated "reasons," including "fraud, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3)). Misrepresentation under Rule 60(b)(3) involves clear and convincing evidence of an opposing party's false, misleading, or fraudulent statements – or withholding of critical information – that prevented the court from fully and fairly adjudicating the case. See *e.g., Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 456 (6th Cir. 2008)("We will, … for the purpose of evaluating Rule 60(b)(3) motions, employ the following general definition of fraud: Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment."). Rule 60(b)(3) is designed to protect the integrity of the judicial process. *Id.*

## ARGUMENT

## I. THE GOVERNMNET MISREPRESENTED THE FACTS IN ITS MOTIONS FOR EX PARTE EXTENSION OF TIME TO FILE A COMPLAINT FOR FORFEITURE.

The Government misrepresented a material fact in its' ex parte motion for extension of time to file a complaint for forfeiture. The material fact misrepresentation infected the integrity of the court's statutory authority to issue the Orders.

In each Consolidated Ex Parte Motion and Brief to Extend the Time to File a Complaint for Forfeiture, it was asserted that:

> 3. "On or about July 15, 2025, the claimant submitted a claim to the Subject Property with the FBI in administrative forfeiture proceedings."

(ECF No. 1, page 1), (ECF No. 3, page 1), (ECF No. 6, page 1), and again at page 5 ("Kijuana Evans ("claimant") has filed a claim with the FBI concerning the Subject Property."). These statements of fact are not accurate. [1]

Ms. Evans *did not* file a claim with the FBI asserting an ownership interest in the Ford Transit Van. What Ms. Evan's sent to the FBI was a statutorily authorized letter requesting that the Ford Transit Van be released

---

[1] Further, Government counsel buttressed the misstated facts with another misstatement of fact, that is, "[t]he subject property was seized from the claimant on April 22, 2025, at 19634 Spencer Street, Detroit, Michigan." (ECF No.6, page 6). The Ford Transit Van was actually seized from DeOndra Gray, a contract-driver operating the van on behalf of Key to Life Transport. Coinciding with the seizure from DeOndra Gray, a notice of seizure and notice of intent to forfeit was mailed to Gray's mailing address on Spencer Street. However, not "all known interested parties" were served a notice of seizure because Lonnie Griffin, principal owner of Key to Life Transport, was not mailed a notice of seizure regarding the van.

under the hardship provision at § 983(f). (Exhibit 2). Ms. Evans June 20, 2025, letter to the FBI represents clear and convincing evidence that counsel for the Government inadvertently misrepresented a material fact to this Court that impacted the fairness of the proceedings.

Because Ms. Evans request for the return of the Ford Transit Van was not a claim pursuant to § 983(a)(2)(C), but a hardship request under § 983(f), the Government's reliance upon the date of the hardship letter as the starting point by which the time limit began to toll, was misleading and resulted in this Court issuing an Order that the Court was respectfully not statutorily authorized to issue.

### A. Filing Options pursuant CAFRA

Congress enacted the Civil Asset Forfeiture Reform Act (CAFRA) of 2000, Pub. L. No. 106-185, 114 Stat. 202, 18 U.S.C. § 983 (2000). The stated purpose of the CAFRA was "[t]o provide a more just and uniform procedure for Federal civil forfeitures" and increase safeguards for property owners and ensure due process. *United States v. Contents of Accounts*, 629 F.3d 601 (6th Cir.2011). In part, § 983 states:

> A claim shall—
>
> > (i) identify the specific property being claimed;
> > (ii) state the claimant's interest in such property; and
> > (iii) be made under oath, subject to penalty of perjury.

(18 U.S.C. § 983(a)(2)(C)). The Sixth Circuit has described the nature of filing a "claim" in detail in *United States v. 31,000.00 in United States Currency*, 872 F.3d 342 (6th Cir.2017)(describing a proper claim under CAFRA is to prevent false claims). Ms. Evans' request for hardship return was not a claim pursuant to § 983(a)(2)(C). Compare 28 C.F.R. Part. 8, § 8.10(b) — describing contents of a claim).

To demonstrate entitlement to the release of property based on hardship, claimants must satisfy § 983(f)(1)'s requirements, that is:

**(1)** A claimant under subsection (a) is entitled to immediate release of seized property if—

**(A)** the claimant has a possessory interest in the property;

**(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

**(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

**(D)** the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or

transferred if it is returned to the claimant during the pendency of the proceeding; and

**(E)** none of the conditions set forth in paragraph (8) applies.[2]

(18 U.S.C. § 983(f)(1) — Release of Seized Property). The Sixth Circuit has acknowledged the remedy available pursuant to § 983(f) is distinct from a claim. *Contents of Accounts*, *supra*. A claim against the 2024 Ford Transit Van and a request for hardship release are not mutually exclusive. Indeed, the Government's own forfeiture regulation acknowledges the distinction. See 28 C.F.R. Part 8, § 8.15 Requests for hardship release of seized property, Part 8, § 8.15(a) —Any person filing a request for hardship release *must also file a claim* to the seized property pursuant to § 8.10 and as defined in 18 U.S.C. 983(a). [3]

The inadvertent material misrepresentation that a "claim" was filed by Ms. Evans lead to the detrimental reliance upon that date to extend the time to file a complaint for forfeiture.

---

[2] 18 U.S.C. § 983, Paragraph 8 provides, in relevant part, that the subsection "shall not apply if the seized property. . . is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A).

[3] Also see Part 8, § 8.15(b) The timely filing of a valid claim pursuant to § 8.10 does not entitle claimant to possession of the seized property, *but a claimant may request immediate release of the property while the forfeiture is pending, based on hardship*. (italics added).

### 1.  The time for requesting an extension had expired.

On May 1, 2025, Lonnie Griffin and his related entities filed a federal complaint seeking the return of the Ford Transit Van and related property on equitable grounds. The equitable complaint asserted possessory interests in the seized van. *Lonnie Griffin v. Federal Bureau of Investigation*, Case No. 2:25-cv-11267 (E.D. Mich.2025). The equitable complaint created a claim, if any, to the Ford Transit Van.

In *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency,* 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983), the Supreme Court postulated that "[a] claimant is able to trigger rapid filing of a forfeiture action if he desires it. First, the claimant can file an equitable action seeking an order compelling the filing of the forfeiture action or return of the seized property." 461 U.S. at 569. The "trigger" premise was subsequently repeated by the Supreme Court in *United States v. Von Neumann,* 474 U.S. 242, 244 n. 3, 88 L.Ed.2d 587, 106 S.Ct. 610 (1986)("The claimant may trigger the Government's initiation of forfeiture proceedings. In *United States* v. *$ 8,850*, 461 U.S. 555, 569 (1983), we noted: "A claimant is able to trigger rapid filing of a forfeiture action if he desires it. First, the claimant can file an equitable action seeking an order compelling the filing of the forfeiture action *or* return of the seized

property.  Less formally, the claimant could simply request that the Customs Service refer the matter to the United States Attorney.").

Counsel submits and alleges accordingly the time within which to file a judicial complaint for forfeiture, or an extension of time within which to file, began to toll on May 1, 2025, when Griffin filed for the return of the Ford Transit Van. Notwithstanding that *§ 8,850* and *Von Neumann* predated the CAFRA, the Sixth Circuit has indicated that the "trigger" premise remains a viable option for the "initiation of a judicial forfeiture action". See *e.g., United States v. Ninety-Three Firearms,* 330 F.3d 414, 425 (6th Cir. 2003)("*See generally [§ 8,850]* (noting a claimant's power to 'trigger rapid filing of a forfeiture action'….").  The *first* Consolidated Ex Parte Motion and Brief to Extend the Time to File a Complaint for Forfeiture was filed past the statutory time permitted within which to file for an extension. (ECF No. 1, Page ID.1, 2). Absent the inadvertent misrepresentation that Ms. Evans filed a "claim," the ex parte extensions exceeded the dictates of the CAFRA.

CAFRA is not advisory. It is jurisdictional in effect. A court cannot revive lapsed statutory authority through an ex parte extension. Judge Cox recognized this structural limitation in *United States v. Funds from Fifth Third Bank Account*, No. 0065006696, 2013 U.S. Dist. LEXIS 157447 (E.D.

9

Mich. 2013). There, the court explained that § 983(a)(3)(A) does not permit

retroactive resurrection of forfeiture authority once statutory deadlines lapse.

Although *Funds from Fifth Third Bank Account* is not binding, the reasoning

is persuasive because it rests on the statutory text and CAFRA's mandatory

framework.[4]

Arguably, the tolling period could conceivably be tolled from

Griffin's May 27, 2025, First Amended Complaint for Return of Property.

(ECF No. 5 – 2:25-cv-11267). Under either scenario—claim or no claim—

the ex parte extensions lack statutory footing.

## II. THE EX PARTE EXTENSION ORDERS WERE IMPROPER WHERE THE GOVERNMENT FAILED TO COMPLY WITH CAFRA'S MANDATORY STRUCTURE

Plaintiff argues that the Orders were improper because the

Government's method for obtaining ex parte extensions violated due

process.  The Supreme Court has described an essential principle of due

process is that a deprivation of life, liberty, or property be preceded by

---

[4] Although the factual posture in *Funds from Fifth Third Bank Account* differed in that no formal request for extension of time was filed by the Government, but argued in response to the claimant's motion to dismiss the complaint for forfeiture as untimely (converted into one for summary judgment), the judge's analysis turned on the statutory structure of § 983(a)(3)(A), not how the request for extension was sought. Ultimately, the decision rested on the principle that CAFRA's deadlines are mandatory, forward-looking, and that courts lack authority to retroactively revive forfeiture authority once statutory conditions are unmet. That structural reasoning applies with equal force here.

notice and opportunity for hearing appropriate to the nature of the case.

*Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950).

The equitable complaint asserted possessory interests in the seized

van. *Lonnie Griffin v. Federal Bureau of Investigation*, Case No. 2:25-cv-

11267 (E.D. Mich.2025). The Unites States Attorney' Office filed multiple

responsive pleadings against Griffin's equitable complaint. *Id.* It is

reasonable to assume that the Government was fully aware of that pending

federal litigation concerning the same van at the time it sought ex parte

extensions in this matter. Thus*,* the ex parte requests for extension of time to

file a complaint for forfeiture without notice to the interested parties, despite

knowledge of pending federal litigation involving the same *res*, violated due

process. For this reason, the ex parte orders extending the time within which

to file a judicial forfeiture complaint should not have been granted ex parte,

but with notice to the parties, an opportunity for hearing to make their

objections known.

## A. The Government Cannot Circumvent CAFRA Through Delay

In *United States v. $8,850*, *supra*, the Supreme Court held that

prolonged delay in initiating forfeiture proceedings may violate due process.

*Id.* Citing *Barker v. Wingo,* 407 U.S. 514 (1972)(The Barker test involves a

weighing of four factors: length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant).

### 1) Length of delay

Here, along with other property, the Ford Transit Van was seized on April 22, 2025, and has remained in the Government possession; per the Ex Parte request for extension of time to file a complaint for forfeiture. (ECF No. 1 and 3). To date, the Ford Transit Van has been in Government custody for over 300 days and counting; excessive by any standards. If the Court's Order remains in effect, the Ford Transit Van will have been unlawfully in the Government's possession for over 1-year with any post-seizure hearing; raising serious due process concerns. *Culley v. Marshall,* 601 U.S. 377 (2024)("[A] post-seizure delay 'may become so prolonged that the dispossessed property owner has been deprived of a meaningful hearing at a meaningful time.'"), citing *$8,850*, *supra*.

### 2) Reason for delay

The first reason for the delay given by the Government was "[t]he federal government endured a shut down from October 1, 2025, to November 12, 2025." (ECF No. 1, Page ID.2). However, as previously stated, the Government did not act within CAFRA's statutory deadlines. The government shutdown, per se, occurred *after* the time within which to seek

an extension of time to file a complaint for forfeiture had already expired.

CAFRA does not authorize indefinite retention followed by procedural

repair.

The second, and most recent purported reason for the delay given by

the Government is "…the United States has an ongoing criminal

investigation regarding the conduct giving rise to the forfeiture of the

Subject Property, and the government expects that it will obtain an

indictment alleging that the Subject Property is subject to forfeiture on or

before April 11, 2026; July 10, 2026." (ECF No. 3, Page ID.2-3; ECF No. 6,

pages 3 and 7). "While the value of allowing the Government time to pursue

its investigation applies to the civil forfeiture situation as well as the

criminal proceeding, a major distinction exists. A suspect who has not been

indicted retains his liberty; a claimant whose property has been seized,

however, has been entirely deprived of the use of the property." *$8,850,* 461,

U.S. at 563-64. The Government has not proffered a single fact throughout

three successive motions for extension of time to suggest that the  Ford

Transit Van may be subject to forfeiture. To suggests that the owner may be

brought before the court to face some unknown criminal offense at some

future date, is not cause to retain possession of unlawfully seized property.

CAFRA altered some of the prior rules and standards for civil forfeiture proceedings, including, but not limited to, imposing time restraints within which the Government must act. 18 U.S.C. § 983(a)(3)(A) – "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture … or return the property pending the filing of a complaint…."  Further, the CAFRA provides: "If the Government **does not** — (i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or (ii) **before** the time for filing a complaint has expired — (I) **obtain** a criminal indictment containing an allegation that the property is subject to forfeiture, …  "the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General and may not take any further action to affect the civil forfeiture of such property in connection with the underlying offense." (18 U.S.C. § 983(a)(3)(A), (B)(emphasis added). "Obtain" is the operative word.

To that extent, the interested parties ask this Court to take judicial notice that, on January 28, 2026, an indictment was returned based upon the search warrants executed on April 22, 2025, that lead to the seizure of the 2024 Ford Transit Van. (Exhibit 3–Indictment). Said indictment did not charge an offense against anyone with an interest in the 2024 Ford Transit 350 Van, *e.g.,* Ms. Evans, Tri-State Guardian Services, Lonnie Griffin, Key

to Life Transport, or LG Solutions Unlimited. *Id.* Neither does the intervening indictment contain forfeiture count/notice alleging that the 2024 Ford Transit 350 Van is subject to forfeiture. *Id.* The Government cannot justify forfeiture delay based on a criminal prosecution that does not involve these parties. Speculation that there may be indictment at some time in the future, where the 2024 Ford Transit 350 Van may be included, is no justification for creating an exception to the statutory rules governing forfeitures or accepting the delay tactics of the Government. [5] Thus, there remains no justiciable reason for maintaining possession of the Ford Transit Van or delaying forfeiture proceedings.

### 3) Assertion of right

Clearly, Lonnie Griffin asserted his right to possession of the Ford Transit Van when he filed a federal complaint seeking it's return. *Lonnie Griffin v. Federal Bureau of Investigation*, Case No. 2:25-cv-11267. Similarly, Ms. Evans asserted her statutory rights to the Ford Transit Van when she requested it's return on hardship grounds. (Exhibit 2). Thus, property rights to the Ford Transit Van were clearly communicated to the Government.

---

[5] And, even if Ms. Evans is brought before the court to face criminal charges, that does not necessarily equate that the Ford Transit Van is subject to forfeiture.

### 4)  Prejudice to the defendant

The CAFRA requires that the Government shall promptly release the property is certain statutory conditions are not satisfied. 18 U.S.C. § 983(a)(1)(F); *cf.* § 983(a)(3)(B). The Government cannot avoid CAFRA'S structure through delay or retroactive extensions. Here, the statutory timeline expired before the Government sought its ex parte extensions. The Ford Transit Van was used in the business of Tristate Guardian Services and Key to Life Transport, providing critical, Non-Emergency Medical Transportation needs to legally incapacitated individuals. The almost year-long possession of the vehicle by the Government precludes Tristate and Key to Life from fulfilling business operational needs. *Bush v. Banks,* 1999 U.S. App. LEXIS 8751 (6th Cir.1999)(citing $8,850 for the proposition that dilatory conduct on the part of the government in initiating civil forfeiture proceedings may violate a claimant's due process rights). Where the Government has already completed its investigation and still declines to charge or seek criminal forfeiture, the continued retention of property presents an increased risk of erroneous or unnecessary deprivation. *$ 8,850, supra.* Further, the interested parties have not been afforded a post-deprivation hearing with respect to the 2024 Ford Transit Van, seriously

affecting their property rights.[6] Due process requires fair procedures before
continued deprivation of property. *Mathews v. Eldridge*, 424 U.S. 319
(1976); *$8,850*, *supra*. Under *Mathews*, courts balance: (1) The private
interest affected, (2) The risk of erroneous deprivation and (3) The
Government's interest and burden. Each factor favors the interested parties
here. The combined procedural irregularities justify relief.

## CONCLUSION

CAFRA provides a clear statutory roadmap. The ex parte extensions
created a statutory authority to extend where none was authorized. The
Orders should be vacated and the property returned or, in the alternative the
Government should be required to file their judicial forfeiture complaint
forthwith.

**WHEREFORE**, All Interested Parties respectfully request that this
Honorable Court grant their motion, void the ex parte orders, order the return
of the 2024 Ford Transit Van, set the matter for immediate hearing or, in the
alternative order the Government to file a complaint for forfeiture forthwith.

---

[6] Counsel also requests this Court to take judicial notice that, prior to the ex parte requests
for extensions of time, Government counsel in Case No. 2:25-cv-11267 indicated that the
2024 Ford Transit Van was seized without a facially valid seizure warrant. See ECF No.
18, PageID.198 Filed 08/08/25 and ECF No. 20, PageID.235 Filed 08/15/25. The failure
of current Government counsel to inform this Court of this important fact also constitutes
grounds for relief under Rule 60(b)(3).

Respectfully submitted,

HALL MAKLED, P.C.

/s/Cyril C. Hall
Cyril C Hall P29121
Attorneys for All Interested Parties
23950 Princeton Street
Dearborn, Michigan 48124
(313) 788-8888

Date: March 11, 2026

## CERTIFICATE OF SERVICE

I certify that on March 11, 2026, I electronically filed the foregoing

via CM/ECF, which will send notice to all counsel of record.

Respectfully submitted,


HALL MAKLED, P.C.
/s/Cyril C. Hall
Cyril C Hall P29121
Attorneys for All Interested Parties
23950 Princeton Street
Dearborn, Michigan 48124
(313) 788-8888

Date: March 11, 2026